[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR ARTICULATION
The defendant has filed a Motion for Articulation dated May 8, 2001 coded 106. Many of the facts that give rise to this motion are not in dispute. On May 3, 2001, this court issued an order for the defendant to pay the plaintiff child support in the amount of $148 per week and 30% unreimbursed medical and child care expenses retroactive to February 12, 2001. This court also gave to the defendant the right to claim one child as a deduction for federal and state income tax purposes provided he is current in his support order at the end of the calendar year 2001 or at the commencement of the trial of this case whichever date first occurs. The memorandum of decision further states that the support order is based upon the guidelines using the defendant's gross income of $360 per week and the plaintiff's gross income of $773 per week.
The motion for articulation seeks to have the court articulate the manner in which the support and percentage of unreimbursed medical and percentage of child care was calculated and the reason that the order was made retroactive to February 12, 2001.
The $148 per week support order that was entered was an error as that amount was not in accordance with the guidelines. In entering the order granting the defendant to take one child as an exemption for federal and state income tax purposes, that order was entered based on the defendant paying support in the amount of $148 per week. Therefore, the court modifies paragraph one of the order entered by this court on May 3, 2001 coded 105, to provide that the defendant is ordered to pay to the plaintiff support in the amount of $98 per week. Paragraph three of the memorandum of decision is amended to provide that the defendant is to pay 21.19% of unreimbursed medical and qualifying child care costs. Paragraph six of the memorandum of decision is amended to provide that the plaintiff has the right to claim both children as a deduction for federal and state income tax purposes.
All orders entered continue to be retroactive to February 12, 2001. Section 46b-83 provides that at any time after the return date of a complaint, support pendente lite may be awarded to either of the parties from the date of the filing of an application therefore with a Superior Court with full credit to be given for all sums paid by one party to the other from the date of filing of such application to the date of rendition of the order. This court exercised discretion in ordering that the support order be retroactive to February 12, 2001. CT Page 8137
In all other respects the memorandum of decision of May 3, 2001, remains in full force and effect.
AXELROD, J.